IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JACQUELINE FRIES, ) | |
| ) | **COPY** |
| Plaintiff, ) | Original Received |
| v. ) | **FEB 2 0 2020** |
| ) | |
| USAA GENERAL INDEMNITY ) | Clerk of the Trial Courts |
| COMPANY, ) | |
| Policy No. 02942 51 42G 7101 6, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No.: 3AN-20-_____ CI |

## COMPLAINT

Plaintiff, Jacqueline Fries, by and through her attorneys, PENTLARGE LAW GROUP, LLC and for her Complaint against the Defendant, states and alleges as follows:

1. Plaintiff was a resident of the state of Alaska and has been at all times pertinent hereto.

2. Defendant, USAA General Indemnity Company (Hereinafter "USAA") is licensed to do business in the state of Alaska and that at all times material hereto, USAA did business in the state of Alaska and provided automobile insurance to Plaintiff.

3. On or about October 13, 2017, Plaintiff was stopped for traffic on westbound Northern Lights Blvd near New Seward Highway. Tatiana Gonzalez was also on westbound Northern Lights Blvd behind Plaintiff when she rear-ended the two vehicles behind Plaintiff. Tatiana Gonzalez hit the vehicles with such a force, that one was shoved into the back of Plaintiff's vehicle. Plaintiff was taken to Providence emergency room via ambulance to be treated for her injuries. Tatiana Gonzalez was cited for AMC 9.16.240-Driver to Exercise Due Care.

USAA Confidential

4. That the negligent driver was underinsured at the time of the collision.

5. That the negligent driver's vehicle was underinsured at the time of the collision.

6. That at the time of the October 13, 2017 motor vehicle accident, Plaintiff was insured by USAA for underinsured motorist (hereinafter "UIM") coverage in the amount of $100,000.00 per person.

7. That the negligent driver was an underinsured motorist on October 13, 2017 pursuant to the language of Plaintiff's USAA insurance policy.

8. That Defendant provided Plaintiff with express written consent to settle her third-party claim against the underinsured motorist for liability limits, thereby triggering Plaintiff's right to see additional payment for her damages pursuant to the UIM provisions of her USAA policy.

9. That Defendant's policy language legally required Plaintiff to file a lawsuit against USAA when they denied arbitration in order to preserve her right to pursue a UIM claim on her USAA policy. Plaintiff settled with the UIM driver with permission per USAA's letter dated December 30, 2019.

10. That Defendant, in providing Plaintiff with express written consent to settle her third-party claim against the underinsured motorist, affirmed that Plaintiff was legally entitled to collect damages from the underinsured motorist.

11. That pursuant to Plaintiff's UIM coverage USAA contractually obligated itself to pay Plaintiff for damages for bodily injury caused by an accident which the insured was legally entitled to recover from the owner or operator of an underinsured motor vehicle.

USAA Confidential

12. That the underinsured motorist caused a collision involving property damage to the vehicles involved. That the collision caused physical injury to Plaintiff. That the medical records of the Plaintiff are relevant to this case and will be produced in the Initial Disclosures.

13. That the underinsured motorist was 100% at fault for causing the October 13, 2017 motor vehicle accident.

14. That the Plaintiff was not comparatively negligent in the October 13, 2017 motor vehicle accident or her resulting physical injuries and conditions.

15. That October 13, 2017 motor vehicle accident was the proximate cause for and/or a substantial factor in Plaintiff's injuries and need for medical treatment and that the medical treatment and expenses incurred by Plaintiff following the October 13, 2017 accident were both reasonable and necessary.

16. That Plaintiff did not fail to mitigate her damages following the October 13, 2017 motor vehicle accident.

17. That Defendant is liable for past and/or future: medical expense, pain, suffering, disability, loss of capacity for enjoyment of life, inconvenience, physical impairment, nonmarket household services, and other non-pecuniary damages to be more fully set forth at trial, all in an amount in excess of $100,000.00 the exact amount to be set by the trier of fact.

WHEREFORE, having stated her Complaint, Plaintiff prays for judgment against the Defendants as follows:

1. For general and special damages for Plaintiff in an amount in excess of $100,000, the exact amount to be proven at trial;

USAA Confidential

0901119ca7868a47

2. For pre-judgment and post-judgment interest at the maximum rate allowable by law;

3. For Plaintiff's costs and attorney's fees incurred in pursuing this action; and

4. For such other and further relief as the Court may deem just and equitable in the premises.

DATED this 17 day of February, 2020 at Anchorage, Alaska.

PENTLARGE LAW GROUP, LLC
Attorneys for Plaintiff

Robert J. Jurasek
Alaska Bar No.: 9111071

USAA Confidential